Filed 3/15/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Conservatorship of the Estate of DORIS MAE BROKKEN. _____ BETH BROKKEN et al., Respondents, v. DORIS MAE BROKKEN, Appellant. | 2d Civ. No. B303898 (Super. Ct. No. 17PR00194) (Santa Barbara County) |

Respondents Beth and Barry Brokken filed this conservatorship proceeding on their mother's behalf. The case settled before a conservator was appointed.

Respondents requested an award of attorney fees under Probate Code section 2640.1,[1] which authorizes fees in certain cases in which a conservator was appointed. The trial court erred by granting the request. Attorney fees are not available where,

---

[1] All statutory references are to the Probate Code.

as here, the matter is resolved without a conservator's appointment. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Respondents are the adult children of appellant Doris Mae Brokken. Over their mother's vigorous objection, respondents petitioned to establish a conservatorship. They alleged that appellant suffered from ongoing mental health issues and that her behavior had become increasingly erratic. After two years of litigation and negotiation, the parties settled the matter without the need for a conservatorship. Appellant voluntarily agreed to engage in professional mental health services and the petition was dismissed.

Respondents sought to recover their attorney fees as part of the settlement. Appellant did not believe they are legally entitled to fees, but to facilitate settlement, she agreed to let the probate court decide whether respondents are entitled to fees and, if so, the amount of such fees.

Relying upon section 2640.1, respondents filed a motion seeking $12,584 in attorney fees. Appellant claimed the statute's plain language precludes a fee award because a conservatorship was not established. Subdivision (a) states: "If a person has petitioned for the appointment of a particular conservator and another conservator was appointed while the petition was pending, but not before the expiration of 90 days from the issuance of letters, the person who petitioned for the appointment of a conservator but was not appointed and that person's attorney may petition the court for an order fixing and allowing compensation and reimbursement of costs, provided that the court determines that the petition was filed in the best interests of the conservatee."

2

Respondents maintained the equitable principles set forth in *Conservatorship of Cornelius* (2011) 200 Cal.App.4th 1198 (*Cornelius*), support an award of attorney fees under the unique circumstances of this case. The probate court granted the fee request, but not without reservation. It found the statutory language "clear" but determined *Cornelius* "does open the door" to fees. We agree the statutory language is clear but disagree that *Cornelius* applies. As we shall explain, that case involved different probate statutes and is limited to its facts.

DISCUSSION

*Standard of Review*

Issues of statutory interpretation are subject to de novo review. (*In re Joshua A.* (2015) 239 Cal.App.4th 208, 214-215.) In determining the scope of a statute, "we look first to the words of the statute, giving effect to their plain meaning. [Citation.] If the statutory language is clear and unambiguous, we presume the Legislature meant what it said and the plain meaning of the statute governs. [Citation.]" (*Ibid.*) We cannot rewrite a statute to conform to a presumed intention that is not expressed. (*Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 142.)

*The Plain Language of Section 2640.1 Does Not Support the Attorney Fees Award*

First, we reject respondents' contention that appellant or her counsel agreed respondents are legally entitled to a fee award and that the only issue before the probate court was the *amount* of those fees. In objecting to the fee petition, appellant's counsel explained: "The parties have agreed that this proceeding shall be dismissed, but agreed that prior to dismissal, given the dispute as to the *payment* of petitioners' counsel's fees, petitioners' counsel would file a petition seeking an order that [appellant] *pay*

petitioners' counsel's fees." (Italics added.) Appellant maintained then, as she does now, that section 2640.1 does not allow fees absent a conservator's appointment.

Section 2640.1, subdivision (a) provides that if a person petitioned for the appointment of "a particular conservator" and another is appointed while that petition is pending, the court may award attorney fees and costs to that person if it "determines that the petition was filed in the best interests of the conservatee." Any fees awarded under this section "shall be charged to the estate of the conservatee." (*Id.*, subd. (c)(2).)

The probate court acknowledged that the statute's plain language does not apply to the facts in this case. Section 2640.1 would apply only if respondents filed their petition for appointment of a specific conservator and another conservator was appointed while their petition was pending. That did not occur. No conservator was ever appointed and, consequently, appellant never became a conservatee. Thus, there is no "estate of the conservatee" from which to pay attorney fees. (*Id.*, subd. (c)(2).) Respondents cite no authority suggesting the court may order a non-conservatee to pay the fees.

Respondents rely upon *Cornelius*, *supra*, 200 Cal.App.4th 1198, to support their argument that section 2640.1 may be read broadly. In doing so, respondents read *Cornelius* too broadly. At most, it stands for the proposition that payment of fees under sections 2641, subdivision (a) and 2642, subdivision (a) applies to both temporary and permanent conservatorships. *Cornelius* involved a temporary conservatorship. Here, we have a different statute and no conservatorship. "'[C]ases are not authority for propositions not considered.'" (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1039; *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11.)

4

In *Cornelius*, a daughter petitioned for a temporary and permanent conservatorship of her father. (*Cornelius*, *supra*, 200 Cal.App.4th at p. 1200.) Following an investigation, the probate court established a six-month temporary conservatorship. (*Id.* at pp. 1200-1201.) Ultimately, the daughter dismissed the petition for a permanent conservatorship. The court awarded fees and expenses "to the temporary conservator and her attorneys, to be paid from the conservatee's estate." (*Id.* at p. 1200.) On appeal, the father argued the statutes allowing fees apply only to permanent conservatorships, not to temporary ones. (*Ibid.*)

Noting that section 2641, subdivision (a) states that a "'conservator of the person may petition the court for an order fixing and allowing compensation for services rendered to that time,'" and that section 2642, subdivision (a) allows the conservator's attorney to do the same, the Court of Appeal reasoned "[t]he statutes make no distinction between temporary and permanent conservators, and we perceive no reason to draw one. A temporary conservator is entitled to reimbursement of legal fees and other expenses properly incurred for the conservatee's benefit during the term of that temporary appointment regardless of whether a permanent conservator is ever appointed." (*Cornelius*, *supra*, 200 Cal.App.4th at p. 1204.)

*Cornelius* does broadly state "[t]he deciding factor in awarding reimbursement in a conservatorship proceeding is not whether a permanent conservatorship is established but whether expenses were incurred in good faith and in the best interests of the proposed conservatee." (*Cornelius*, *supra*, 200 Cal.App.4th at p. 1205.) The court clarified, however, that "it does not follow that the absence of a permanent conservatorship (whether by court denial or party dismissal) proves that the petition for a permanent conservatorship *and the interim temporary*

5

*conservatorship* were not necessary and beneficial to the conservatee. The petition to appoint a permanent conservator, *and appointment of a temporary conservator pending resolution of [the] petition,* may well benefit the conservatee even if a permanent conservatorship is never established. It is benefit to the conservatee, not establishment of a permanent conservatorship, that a court must look to i*n deciding whether a temporary conservator is entitled to reimbursement.*" (*Ibid.,* italics added.)

*Cornelius*'s focus, therefore, was on whether two statutes allowing compensation to a conservator and his or her attorney apply to both temporary and permanent conservatorships. It decided they do. But here, there is no conservator or conservatee, temporary or otherwise, and plain statutory language requiring both as a prerequisite to attorney fees. (§ 2640.1, subds. (a), (c)(2).) Under these circumstances, section 2640.1 does not authorize an award of fees.

DISPOSITION

The order approving respondents' petition for attorney fees is reversed. Appellant shall recover her costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

GILBERT, P. J.          YEGAN, J.

6

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Mullen & Henzell, Jana S. Johnston, and Will Tomlinson, Attorneys for Appellant.

Law Office of Cristi Michelon, Cristi Michelon Vasquez, Attorneys for Respondents.